UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| In Re: Hanford Nuclear<br>Reservation Litigation, | NO.   CV-91-3015-WFN<br><br>ORDER RE: FINAL PRETRIAL<br>CONFERENCE AND HEARING<br>ON MOTIONS:  APRIL 13-14, 2005<br>(RE: DEFENDANTS' SUMMARY<br>JUDGMENT MOTIONS) |

**This Order Relates to:   All Cases**

A final pretrial conference was held April 13 - 14, 2005, in Spokane, Washington. Counsel present at the hearing and a list of the party represented is set out in the Court's Order Re: Trial Procedures; Motions in Limine and will not be repeated here.

This Order is entered to memorialize and supplement the oral rulings of the Court regarding Defendants' Summary Judgment Motions. Accordingly,

**IT IS ORDERED** that:

**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking summary judgment must show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law by "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 1

truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The court must construe all facts in favor of the non-moving party and all justifiable inferences are also to be drawn in his/her favor. *Anderson*, 477 U.S. at 255.

The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (genuine issues are not raised by mere conclusory allegations). The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories and admissions. *Celotex*, 477 U.S. at 323-24. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Thus, "a scintilla of evidence" in support of the non-moving party's position will be insufficient. *Id.* at 252. Summary judgment is also required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

Defendants raise the legal sufficiency of the medical causation opinions in each motion for summary judgment involving Doctors Chopra, Davies and DeGroot. Defendants argue that the doctors should not be able to change their opinions, expressed in their 26(a) Reports and at deposition, by filing declarations that present different, and in some cases, allegedly contradictory opinions. Federal Rule of Civil Procedure 26(a) Reports define the parameters of an expert witnesses' admissible testimony. Rule 37 states in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1); *Wong v. Regents of University of California,* 379 F.3d 1097, 1105 (9th Cir. 2004). In addition, "[t]he general rule in the Ninth Circuit is that a party

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 2

cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991). The *Kennedy* Court advised that a district court may strike an affidavit that is determined to be a sham produced merely to avoid summary judgment. *Id.* at 267. The court is to exercise caution in doing so however, and must consider for example, whether any conflicting testimony may be the result of confusion at the deposition, an honest discrepancy, a mistake, or the result of newly discovered evidence. *Id.* at 266-67. The sham affidavit rule was announced by the Ninth Circuit in *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975). In that case the court determined that the plaintiff's affidavit submitted on a summary judgment motion was a sham because it directly contradicted plaintiffs' deposition testimony on three points: whether plaintiff was or was not offered employment by a certain entity; whether he agreed or did not agree to take a leave of absence with pay; and whether he quit or did not quit employment with another entity. On deposition he took one position and in the affidavit he took the exact opposite position on each point. *Radobenko,* 520 F.2d at 544.

The issue before this Court then is whether the medical causation opinions expressed in the declarations by the three doctors are admissible on Defendants' Motions for Summary Judgment. The Court must determine whether the opinions are sufficiently consistent with the 26(a) Reports of the three physicians and whether they are sham declarations produced merely to avoid summary judgment. The Court is familiar with the medical causation opinions in this case as the Defendants challenged the legal sufficiency of all the opinions on *Daubert* Motions. Defendants' argued that nothing short of an opinion that Hanford emissions, to a reasonable degree of medical certainty, were more probably than not a proximate cause of the Plaintiffs' thyroid disease, was legally sufficient. Thus, the Court has already reviewed the medical causation 26(a) Reports, the physicians' depositions, and the declarations presented on the *Daubert* Motions as well as considered briefing and oral

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 3

1  argument on the issue.  The Court recognized that expert medical witnesses need not use
2  magic words in stating their opinions and found the opinions legally sufficient even though
3  the physicians expressed their opinions by saying that Hanford emissions were a substantial
4  factor in causing the Plaintiffs' thyroid diseases.  The Court did however, find legally
5  insufficient opinions related to four bellwether Plaintiffs that were stated in terms of
6  possibility of causation rather than probability.

7  The second Declarations of Drs. Chopra, Davies and DeGroot, presented on the
8  Motions for Summary Judgment, all include statements that may be summarized as follows:
9  the physician's opinion to a reasonable degree of medical certainty, is that Hanford emissions
10 more probably than not were a  cause of the Plaintiff's thyroid disease(s).  The doctors all
11 also indicate that this statement is consistent with their previously expressed opinions.

12 In evaluating these declarations the Court notes:  First, that any contradictions or
13 inconsistencies in the opinion do not rise to the level of those that occurred in the *Radobenko*
14 case.  Second, it is clear that the disagreement between the parties regarding the legal
15 causation standard (substantial factor versus proximate cause) applicable to this case resulted
16 in contentious depositions and caused confusion for the parties and the witnesses.  This Court
17 did not resolve the issue regarding the applicable legal causation standard until after the
18 depositions, finding that the substantial factor test would not apply. Third, it is equally clear
19 from the depositions that although both the physicians and attorneys spoke English, they do
20 not share a professional language, one that they each use daily in professional endeavors
21 which resulted in additional confusion.

22 After a careful review of the physicians' opinions the Court cannot determine that the
23 declarations presented on these Motions for Summary Judgment were mere shams to avoid
24 summary judgment.  In addition, the declarations present clarification of the witnesses'
25 26(a) Report opinions.  Thus, for each specific Motion raising this issue, the Court finds the
26 declarations to be admissible on these Motions.

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 4

At trial, on direct examination of the expert witness, testimony will be limited to those opinions contained in the expert's Rule 26(a) Report and declarations which clarify the opinions discussed in the Report. No new or additional opinions outside of these documents will be admissible. Any inconsistencies or contradictions in the experts' opinions in these documents or to statements made at the depositions may be explored on cross examination and will go to the credibility of the witness and his opinion.

1. **Defendants' Motion for Summary Judgment--Wanda Louise Buckner**, filed March 4, 2005, **Ct. Rec. 1785**, is **DENIED**. A material question of fact exists as to whether Ms. Buckner has hypothyroidism. There is sufficient medical causation testimony to create a material question of fact as to whether Hanford emissions of I-131 were a proximate cause of Ms. Buckner's thyroid disease.

2. **Defendants' Motion for Summary Judgment--Shirley Ann Carlisle**, filed March 3, 2005, **Ct. Rec. 1778**, is **DENIED**. There exists a material question of fact as to whether Ms. Carlisle's dose of radiation was sufficient to cause her thyroid disease. The medical causation opinion is sufficient to create a material question of fact as to whether Ms. Carlisle's exposure to the Hanford emissions of I-131 was a proximate cause of her thyroid disease.

3. **Defendants' Motion for Summary Judgment--Kathryn Janelle Goldbloom,** filed March 2, 2005, **Ct. Rec. 1774**, is **DENIED**. Material questions of fact exist on whether Ms. Goldbloom has hypothyroidism and Hashimoto's thyroiditis. The medical causation opinion related to multi-nodule goiter and Hashimoto's thyroiditis is sufficient to create material questions of fact as to whether Ms. Goldbloom's thyroid disease was proximately caused by the Hanford emissions of I-131.

4. **Defendants' Motion for Summary Judgment--Shannon Claire Rhodes**, filed March 3, 2005, **Ct. Rec. 1781**, is **DENIED**. The Plaintiffs' expert medical causation opinion

is sufficient to raise a material question of fact as to whether Hanford emissions of I-131 was a proximate cause of Ms. Rhodes' thyroid cancer.

The Court is concerned about Dr. Hoffman's testimony regarding the probability of causation [PC]. The Court will require voir dire of Dr. Hoffman, outside the presence of the jury, to ascertain what his testimony is regarding his PCs and whether his opinion has changed.

5. **Defendants' Motion for Summary Judgment--Steven Howard Stanton and Gloria Rose Wise**, filed March 4, 2005, **Ct. Rec. 1788**, is **DENIED**. The medical causation opinions are sufficient to raise material questions of fact as to whether Hanford's emissions of I-131 proximately caused Mr. Stanton and Ms. Wise's thyroid cancers.

The Court notes that Defendants' Statement of Fact No. 4, which was admitted by the Plaintiffs, regarding the diagnosis date of thyroid cancer of Ms. Wise of 2002 is in error. The thyroid cancer was diagnosed in August, 1993.

6. **Defendants' Motion for Summary Judgment--Helen Walker**, filed March 2, 2005, **Ct. Rec. 1768**, is **GRANTED**. Plaintiffs have insufficient admissible evidence to establish an essential element of causation. There is insufficient evidence that adult exposure to radiation causes thyroid nodules. There is also insufficient evidence to support a latency period of less than three years.

Defendants' oral request for costs on the Motion is **DENIED**.

7. **Plaintiffs' Motion for Leave to File Overlength Brief**, filed March 28, 2005, **Ct. Rec. 1841**, is **GRANTED**. The overlength brief is **ACCEPTED AS FILED**.

The District Court Executive is directed to file this Order and provide copies to Liaison Counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik, and Kerry L. Todd.

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 6

1  **DATED** this 18th day of April, 2005.

3                                    s/ Wm. Fremming Nielsen
                                     WM. FREMMING NIELSEN
4  04-1305B                          SENIOR UNITED STATES DISTRICT JUDGE

ORDER RE: FINAL PRETRIAL CONFERENCE AND HEARING ON MOTIONS:
APRIL 13-14, 2005 (RE: DEFENDANTS' SUMMARY JUDGMENT MOTIONS) - 7