UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: Hanford Nuclear Reservation Litigation, | NO.   CV-91-3015-WFN<br><br>ORDER RE: FINAL PRETRIAL CONFERENCE: APRIL 25, 2005 |

**This Order Relates to:   All Cases**

A final pretrial conference was held April 25, 2005, in Spokane, Washington. The following counsel were present representing the listed parties.

| Plaintiffs | Counsel | |
|---|---|---|
| Jaros | Roy S. Haber | |
| Matthies | | |
| Seaman | | |
| Hamilton/Criswell | Louise Roselle[1] | Peter Nordberg |
| Evenson | Tom H. Foulds | Richard Pierson |
| Berg | Richard Eymann | |
| Berg/Lumpkin | David Breskin | |

---

[1]Lead Counsel for Plaintiffs.

ORDER RE: FINAL PRETRIAL
CONFERENCE: APRIL 25, 2005 - 1

| **Defendants** | **Counsel** |
|---|---|
| E.I. DuPont DOE Nemours & Co. [DuPont] | Kevin T. Van Wart[2] |
| General Electric Co. [GE] | Wm. (Randy) Squires |
| UNC Nuclear Industries, Inc. [UNC] | Michelle Browdy<br>Tim Duffy |

The Court addressed several pending motions, reviewed trial procedures, and ruled on issues raised by the parties. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion to Change Venue, filed April 20, 2005, **Ct. Rec. 1880**, is **DENIED**.

Defendants request a change of venue arguing that the Plaintiffs' have made efforts to intimidate and manipulate the jury pool and that this will prevent the Defendants from receiving the due process of law to which they are entitled. The Defendants point to the fact that Plaintiffs' counsel communicated directly to their non-bellwether clients, without notice to the defendants and without the Court's permission, encouraging them to attend the trial. The Washington Rules of Professional Conduct require that a lawyer keep a client reasonably informed about the status of a matter. RPC 1.4 (a). The Court is not aware of, and the Defendants do not cite, any authority that would limit this communication.

Defendants state a concern that a large number of Plaintiffs in attendance will intimidate jurors. The Court will not tolerate intimidation of jurors. Any evidence of such conduct should be brought to the attention of the Court. The courtroom is open to the public however, and anyone, including the parties to this action, have a right to attend. If seating is

---

[2]Lead Counsel for Defendants.

ORDER RE: FINAL PRETRIAL
CONFERENCE: APRIL 25, 2005 - 2

not available in the courtroom, a second room for viewing the proceedings has been set up on the seventh floor.

Defendants also assert that there has been one-sided pretrial publicity. To the Court's knowledge there has been only one article in the local press in the last month, which followed the final pretrial conference on April 13, 2005. Although the jury questionnaires indicate that many potential jurors have heard of the litigation related to Hanford, it is premature to assume that any press coverage or communication between Plaintiffs' counsel and their clients, have caused the potential jurors to develop opinions regarding the merits of the case.

Finally, Defendants state that their concern about fairness was heightened by the fact that the Court advised the parties on April 14, 2005, that it had discussed logistics with the local media about the trial. Defendants cited the ABA Model Code of Judicial Conduct 3 B(7) (a) related to this concern. The Court takes this concern very seriously. The Code provides that

> (7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to the law. A judge shall not initiate, permit, or consider ex parte communication, or consider other communication made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
>
> (a) Where circumstances require, ex parte communication for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:
>
> (i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
>
> (ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

ABA Model Code of Judicial Conduct 3 B(7) (a) (2000).

The Court did not engage in ex parte communication of the nature suggested. The Court invited the local print media reporter on this issue to chambers on April 4, 2005, to determine how much media attention was anticipated and whether a media

ORDER RE: FINAL PRETRIAL
CONFERENCE: APRIL 25, 2005 - 3

1  order would be required to set out media rules and accommodations. Having tried
2  other high profile cases, the Court has determined that problems on the day of trial
3  related to permissible media equipment, seating, etc. can be averted if proper planning occurs.
4  Substantive aspects of the case were not discussed. The layout of gallery monitors
5  and speaker was discussed as well as the dates and schedule of the final pretrial
6  conference and trial. No party would receive any substantive advantage as a result of
7  the pretrial planning for the media, but the efficiency of proceedings will be enhanced.
8  Further the Court advised the party of the contact at the final pretrial conference the following
9  week.

In sum, no conditions exist at this time to require a change of venue.

2. Plaintiffs' Request for Leave to File Motion for Expedited Discovery and/or to Strike Late Designated Witnesses, filed April 21, 2005, **Ct. Rec. 1882**, is **GRANTED**. The underlying motion for expedited discovery and to strike late designated witnesses is **ACCEPTED AS FILED** and will be heard on an expedited basis.

3. Plaintiffs' Motion for Expedited Discovery and to Strike Late Designated Witnesses, filed April 21, 2005, **Ct. Rec. 1883**, is **DENIED AS MOOT**. The parties advised that they have almost reached a stipulation on doses which moots this motion.

4. The parties advised the Court that they have entered a stipulation as to economic damages.

5. The Court ruled on Defendants' objections to the demonstrative exhibits to be used by Plaintiffs during opening statement. Photographs of the Hanford plant were excluded except the photograph of the plant and stack; maps showing plume contamination with shading were excluded but the Plaintiffs may show a plume exhibit; and the chart showing monthly releases of emissions should be cut off at 1951.

6. Plaintiffs' Exhibit List should show that Exhibit Nos. 553 and 584 have been **EXCLUDED** by the Court as opposed to having been admitted.

ORDER RE: FINAL PRETRIAL
CONFERENCE: APRIL 25, 2005 - 4

7. Defendants' Objections to Plaintiffs' Category 5 Exhibits of photographs of the bellwether Plaintiffs were discussed. Plaintiffs produced declarations establishing the foundation for the photographs. The Court admitted the photograph of Shannon Rhodes drinking from a milk bottle but excluded a photograph of Ms. Goldbloom's father who was a fireman at Hanford.

8. Plaintiffs agreed to provide the Defendants with a witness list for the second week of trial.

9. The parties agreed that it was sufficient for the Court to advise the jury pool of the names of the six bellwether Plaintiffs and the three local treating physicians as opposed to reading the entire witness list.

10. The voir dire for Owen Hoffman outside the presence of the jury shall be scheduled for Tuesday, April 26, 2005, at 8:00 a.m. This session was later stricken.

11. The Plaintiffs have determined that they will not seek admission of the exhibit of Shannon Rhodes' diary. The Defendants may question regarding the diary. Defendants request production of an unredacted copy of the diary. This issue was resolved by the parties at a later time.

12. The Court reaffirmed that experts who wish to testify regarding a 90% confidence range or dose must also provide their best estimate of dose.

The District Court Executive is directed to file this Order and provide copies to Liaison Counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik, and Kerry L. Todd.

**DATED** this 27th day of April, 2005.

04-2605

                      s/ Wm. Fremming Nielsen
                      WM. FREMMING NIELSEN
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER RE: FINAL PRETRIAL
CONFERENCE: APRIL 25, 2005 - 5