UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: Hanford Nuclear Reservation Litigation, | ) ) ) ) ) ) ) ) ) | NO.   CV-91-3015-WFN<br><br>ORDER RE: (1) DISCOVERY DISPUTE; (2) TELEPHONIC PRETRIAL CONFERENCE: OCTOBER 26, 2005 |

**This Order Relates to:   All Cases**

On October 26, 2005, the Court held an informal telephonic conference with David Breskin representing the Plaintiffs and Lee Radford representing the Defendants regarding the deposition of Plaintiffs' rebuttal witness Gwen Klein.  The Plaintiffs objected to the breadth of the topics being covered by the Defendants at the deposition.  The Court determined that the deposition should proceed but advised that the topics covered would not necessarily be admissible at the retrial of Shannon Rhodes.

On October 26, 2005, the Court also held a telephonic pretrial conference.  Plaintiffs were represented by Richard Eymann and Brian Depew; Defendants were represented by Kevin Van Wart, William (Randy) Squires, Michelle Browdy and Timothy Duffy.  Pro se Plaintiffs Noreen L. Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik and Kerry Todd did not participate on the call.

The Court and the parties discussed the juror questionnaires, the pending Motions in Limine, the *Daubert* Motions, miscellaneous trial issues, and the Defendants' Motion to Bifurcate Rhodes' Trial and Motion for Summary Judgment on the Claims of Shannon

Rhodes.  This Order is entered to memorialize and supplement the oral rulings of the Court.  Accordingly,

**IT IS ORDERED** that:

1.  **Juror Questionnaires.**  The Court proposed the exclusion of 17 jurors based on their strong opinions on the question of whether Hanford emissions had caused harm to people.  The Plaintiffs objected to exclusion without argument of some of the jurors.  Counsel agreed that they would consult and provide in writing to the Court their position on the proposed exclusion of the 17 jurors as well as proposals to exclude any additional jurors.  The submissions may be faxed to the Court at 509-353-2166 or emailed to Mary Lou Johnson, Staff Attorney.  The matter will be discussed at a pretrial conference which shall be set for **November 3, 2005, at 8:30 a.m., in Spokane**, Washington.  Counsel shall inform the Court if they would prefer that the hearing be conducted telephonically at the meet-me-line, **509-376-8880**.

2.  **Juror Seating Chart.**  The juror seating chart shall be provided by the Jury Administrator to counsel at **11:00 a.m. on Friday, November 4, 2005**.

3.  ***Daubert* Motions.**

(a)  Defendants' Motion Re: the Court's Prior [*Daubert*] Rulings, filed October 3, 2005, **Ct. Rec. 2050-1**.  Defendants' Motion to exclude evidence or argument that Rhodes' alleged injuries were caused by Hanford emissions in the absence of evidence that those emissions doubled her risk of developing the condition claimed; the testimony of Dr. Inder Chopra and Owen Hoffman regarding causation; and the testimony of Rutterber, Hoffman, Carroll, Thomas and Greenland regarding the HTDS is **DENIED**.  The Court has previously ruled on these issues and understands that the Defendants made the Motion merely to preserve the issues for appeal.

(b)  Defendants' Motion Re: New Material [Hoffman's Testimony re: Simon Study], filed October 3, 2005, **Ct. Rec. 2050-2**, is **GRANTED**.  The Simon Study is outside

ORDER RE: (1) DISCOVERY DISPUTE; (2) TELEPHONIC
PRETRIAL CONFERENCE: OCTOBER 26, 2005- 2

of Dr. Hoffman's August 8, 2005 Supplemental Report.  Further, the Study is not available for review for reliability.

(c)  Defendants' Motion Re: New Material [Hoffman's Testimony re: Lyon Abstract], filed October 3, 2005, **Ct. Rec. 2050-3**, is **GRANTED**.  The data underlying the Abstract is not available for review by the Defendants or review by this Court for its reliability.

4.  **Stipulation on Economic Damages.**  The parties advised the Court that they will be discussing a possible stipulation on economic damages of Shannon Rhodes.

5.  **Jury Instructions–Life Expectancy.**  The Plaintiffs advised that they believe the life expectancy final jury instruction is still appropriate.  The Defendants questioned whether it should be given as a final instruction.

6.  **Court's Proposed Preliminary Instructions.**  The parties had no objection to the Court's proposed Preliminary Instructions circulated to counsel by letter dated October 12, 2005.

7.  **Request for Bifurcation of Trial.**  Defendants' Motion to Bifurcate the Rhodes Retrial, filed October 18, 2005, **Ct. Rec. 2059**, is **DENIED**.

The Court has the discretion to bifurcate a trial pursuant to Rule 42(b) of the of the Federal Rules of Civil Procedure.  Bifurcation is not to be routinely ordered however.  Here, it would not save significant judicial time and expenses of the parties.  Moreover, a bifurcation would not prevent the jury from learning of Mrs. Rhodes' disease during a causation trial.  Defendants, who bear the burden on this Motion, have failed to prove that bifurcation is justified in this case.

8.  **Citing Unpublished Opinions.**  Defendants' Motion for Leave to File Unpublished Opinions in Support of Defendants' Motion for Summary Judgment, filed October 21, 2005, **Ct. Rec. 2064**, is **GRANTED**.  The Defendants' citations in the Motion for Summary Judgment are **ACCEPTED AS FILED**.

ORDER RE: (1) DISCOVERY DISPUTE; (2) TELEPHONIC
PRETRIAL CONFERENCE: OCTOBER 26, 2005- 3

9. **<u>Summary Judgment</u>**.  Defendants' Motion for Summary Judgment on the Claims of Shannon Rhodes, filed October 21, 2005, **Ct. Rec. 2065**, is **DENIED**.  On a procedural basis, the Motion is denied as untimely in that it was filed 17 days before trial so there is insufficient time to hear the issue before trial; because the Court did not grant permission for the Motion to be filed, as required by Case Management Order No. 1: May 29-30, 2003, page 10, ¶ 13, Motion Practice Protocol (b); the Motion was filed in violation of the Court's Order restricting motion practice to issues related to the new evidence since the last trial (Order Re: Rhodes' Trial Scheduling, filed July 28, 2005, Ct. Rec. 2001, pp. 2-3, ¶ 3); and was filed as an improper second Motion to Reconsider the Court's ruling in the Order Re: Abnormally Dangerous Activity, filed November 3, 2004 (Ct. Rec. 1603), published at 350 F. Supp. 2d 871 (E.D. Wash. 2004).  The Defendants' first Motion to Reconsider (Ct. Rec. 1697) was denied by the Court in an Order filed March 15, 2005 (Ct. Rec. 1805).

The two unpublished recent cases *Osarczuk v. Associated Universities, Inc.*, No. 96-2836 (NY Sup. Ct. 05/18/05) and *O'Connor v. Boeing*, No. CV-97-01554 (CD Cal. 08/18/05) cited by Defendants in their Motion, do not provide controlling authority on the issues in dispute.  The Court **REAFFIRMS** its analysis of the issues made in the Order Re: Abnormally Dangerous Activities, filed November 3, 2004 (Ct. Rec. 1603).  The Court will not revisit the issues at this time.

10. **<u>Amendment to Order Re: Rhodes' Trial Scheduling.</u>**  The requirement that the parties provide to the Court marked exhibits on October 31, 2005 is **STRICKEN**.  This requirement appeared on page 6, ¶ 7, of the Order Re: Rhodes' Trial Scheduling and Procedures and *Durfey* Appeal, filed July 28, 2005 (Ct. Rec. 2001).  On October 31, 2005, the parties shall provide the exhibit list on the Court form.

11. **<u>Responses to Motions in Limine</u>**.  The parties shall file and serve responses to the Motions in Limine **AS SOON AS POSSIBLE or no later than 12:00 noon, October 28,**

ORDER RE: (1) DISCOVERY DISPUTE; (2) TELEPHONIC
PRETRIAL CONFERENCE: OCTOBER 26, 2005- 4

1    **2005**, if possible.  This will allow the Court to address the Motions at the November 3, 2005

2    hearing.

3        The District Court Executive is directed to file this Order and provide copies to

4    Liaison Counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L.

5    Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik,

6    and Kerry L. Todd.

7        **DATED** this 31st day October, 2005.

8

9

10                                             s/ Wm. Fremming Nielsen

     10-2705                                   WM. FREMMING NIELSEN

11                                             SENIOR UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER RE: (1) DISCOVERY DISPUTE; (2) TELEPHONIC
PRETRIAL CONFERENCE: OCTOBER 26, 2005- 5