UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| In Re: Hanford Nuclear Reservation Litigation, | NO.   CV-91-3015-WFN<br><br>ORDER RE: RUTH BARBER DEPOSITION |

**This Order Relates to:   All Cases**

Defendants filed two motions on February 20, 2006: (1) Defendants' Motion for Protective Order Re: Ruth Barber Deposition (Ct. Rec. 2186); and (2) Defendants' Motion for Summary Judgment on the Claims of Ruth Barber (Ct. Rec. 2183).  Previously, on January 31, 2006, the Plaintiff filed a Notice of Deposition Upon Videotaped Examination (Ct. Rec. 2170).  The Notice advised that a videotaped deposition to preserve testimony of Ruth Barber would be conducted on February 22, 2006, in Oregon City, Oregon.

The Defendants' Motion for Protective Order requests that "[i]n the event that the Court declines to enter summary judgment and allows plaintiff's counsel to take Ms. Barber's preservation deposition, defendants respectfully request, pursuant to Fed. R. Civ. P. 26(c), that the Court enter an order requiring plaintiff's counsel to reimburse defendants for the costs and attorney's fees incurred in attending the deposition."  Defendants' Motion for Protective Order . . . , filed 2/20/06 (Ct. Rec. 2186).

The Defendants' Motion for Protective Order is untimely.  The Motion was filed less than two days before the deposition was scheduled although Defendants received notice of

ORDER RE: RUTH BARBER DEPOSITION - 1

the deposition on January 31, 2006. There is insufficient time to address the protective order and it would have been impossible for the Court to rule on a summary judgment motion prior to the preservation deposition since the summary judgment motion was also filed on February 20, 2006.

The Defendants' Motion for Summary Judgment on the Claims of Ruth Barber was filed without the Court's permission. The plan for this complex civil case, which was developed with the input of counsel in May 2003, contemplated that initially only the claims of the bellwether Plaintiffs would be addressed. To ensure the orderly progression of the case counsel were required to obtain the Court's permission before filing any motion. Bellwether trials have been held and appeals from those trials and many major pretrial substantive decisions of the Court have now been taken. Until the results of the appeals are obtained it is inappropriate to address other Plaintiff's pending claims. During this time the Court also assumes that the parties will engage in meaning settlement negotiations with the mediator.

The Court has reviewed the file and the Defendants' Motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Defendants' Motion for Protective Order Re: Ruth Barber Deposition, filed February 20, 2006, **Ct. Rec. 2186**, is **DENIED**. The Motion was not timely filed.

2. The Defendants' Motion for Summary Judgment on the Claims of Ruth Barber, filed February 20, 2006, **Ct. Rec. 2183**, the Defendants' Memorandum in Support of their Motion . . . , **Ct. Rec. 2184**, and the Defendants' Statement of Undisputed Facts, **Ct. Rec. 2185**, are **STRICKEN**. The Motion and the supplemental filings were filed without the Court's permission.

3. During the pendency of the appeals:

    (a) The Court anticipates that litigation activities will be minimal;

ORDER RE: RUTH BARBER DEPOSITION - 2

1    (b)    Counsel must obtain the Court's permission to file motions; and

2    (c)    If counsel wish to raise issues with the Court, they should call Joanna Knutson, Courtroom Deputy, at 509.353.3163, for a telephonic conference call with counsel.

4.    Defendants may seek the Court's permission at an appropriate later date to renew their request for costs and attorney's fees on preservation depositions taken during the pendency of the appeals.

The District Court Executive is directed to file this Order and provide copies to Liaison Counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik, and Kerry L. Todd.

**DATED** this 22nd day of February, 2006.

              s/ Wm. Fremming Nielsen
              WM. FREMMING NIELSEN
              SENIOR UNITED STATED DISTRICT JUDGE

02-2106

ORDER - 3