UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: Hanford Nuclear Reservation Litigation | NO.  CV-91-3015-WFN<br><br>ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES' MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT |

This Order Relates to:   All Cases

Before the Court for hearing without oral argument is Plaintiff Shannon Rhodes' Motion for Reconsideration of the Court's Order Denying Shannon Rhodes' Motion for New Trial Based on Jury Misconduct, filed February 13, 2006 (Ct. Rec. 2175). The Motion was supported by a Second Affidavit of Shirley Powell (Ct. Rec. 2176) and Second Affidavit of Richard C. Eymann . . . (Ct. Rec. 2177). Defendants' Memorandum in Opposition . . . was filed February 24, 2006 (Ct. Rec. 2191). Plaintiff Shannon Rhodes' Reply . . . was filed March 3, 2006 (Ct. Rec. 2195). The Court has reviewed the file, the briefing on the Motion for Reconsideration and is fully informed. For the reasons state below the Motion is denied.

## BACKGROUND

Shannon Rhodes was one of six bellwether Plaintiffs that went to trial on April 25, 2005. The jury returned its verdict on the other five Plaintiffs on May 19, 2005, but

ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECON-
SIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES'
MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT - 1

1 was unable to reach a verdict on the claims of Shannon Rhodes (Ct. Rec. 1957). A
2 second trial on the claims of Ms. Rhodes was held on November 7, 2005. The jury returned a
3 verdict in favor of the Defendants on November 23, 2005 (Ct. Rec. 2140).

4 The Court denied Shannon Rhodes' Motion for New Trial Based on Jury Misconduct
5 by Order filed January 20, 2006 (Ct. Rec. 2168). The Court determined that the information
6 allegedly introduced into jury deliberations was not extrinsic and that the juror affidavit
7 presented by Ms. Rhodes in support of her motion was precluded by Federal Rule of Evidence
8 606(b). Accordingly the request for a new trial was denied. The Court also denied Plaintiffs'
9 request for an evidentiary hearing because Plaintiffs lacked sufficient evidence to support a
10 conclusion that the outcome of the trial would have been different.

11 Ms. Rhodes was granted permission to file a motion to reconsider (Order filed 2/6/06,
12 Ct. Rec. 2174) and Defendants were provided clarification that they should file their response
13 to the motion and raise any issue of the Court's subject matter jurisdiction in the response
14 (Order filed 2/22/06, Ct. Rec. 2189).

## DISCUSSION

16 Jurisdiction. Defendants argue that this Court was divested of jurisdiction when Ms.
17 Rhodes' filed her Notice of Appeal on February 16, 2006 (Ct. Rec. 2182) three days after the
18 Motion for Reconsideration was filed on February 13, 2006 (Ct. Rec. 2175). Ms. Rhodes
19 responds that the Court would retain jurisdiction to decide the Motion for Reconsideration
20 under Fed. R. App. P. 4(a)(4)(B) and the Notice of Appeal would be effective upon the
21 Court's denial of the motion.

22 Defendants are correct that "[w]hen a notice of appeal is filed, jurisdiction over
23 matters being appealed normally transfer from the district court to the appeals court."
24 *Mayweathers v. Newland,* 258 F.2d 930, 935 (9th Cir. 2001). The rule is not statutory but
25 judicially created to "promote judicial economy and avoid the confusion that would
26 ensue from having the same issues before two court simultaneously." *Natural Resources*

ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECON-
SIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES'
MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT - 2

*Defense Council, Inc. v. Southwest Marine Inc,* 242 F.3d 1163, 1166 (9th Cir. 2001). Statutory exceptions to the judicially created doctrine exist however, *e.g.* to allow a court to enter an injunction to preserve the status quo pending appeal. FED. R. CIV. P. 62(c); *Id.* at 1166. Another exception is created by the Rules of Appellate Procedure which provides that the notice of appeal filed after judgment is entered but before a Rule 59 motion is disposed of will become effective when the order disposing of the motion is entered. FED. R. APP. P. 4(a)(4)(B)(i); *See Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1247 (9th Cir 1982) (the time for filing an appeal is tolled and "does not begin running until the district court disposes of the 59(e) motion.") Here the Motion for Reconsideration filed pursuant to Rule 59(e) was pending when the Notice of Appeal was filed. The Notice of Appeal will become effective when this Order disposing of the Motion for Reconsideration is filed. Accordingly, the Court has jurisdiction to consider the Motion for Reconsideration.

      Merits of the Motion. Ms. Rhodes states in her motion for reconsideration that she is submitting "new evidence that supports plaintiff's argument that the jury did in fact consider extrinsic evidence during itsdeliberations." Motion for Reconsideration, Ct. Rec. 2175, p. 1. The new evidence is in the form of an affidavit from Ms. Powell who states that when information regarding the first trial was raised during deliberations there was no reference by any juror to an exhibit, witness testimony or any lawyer's question or comments during trial. Second Affidavit of Shirley Powell, Ct. Rec. 2176, ¶ 5. Also attached to Mr. Eymann's Second Affidavit are three newspaper articles that reference the first trial of Ms. Rhodes. Second Affidavit of Richard C Eymann, Ct. Rec. 2177.

      The Defendants make 5 arguments related to the merits of the motion: (1) that the evidence is neither new nor different; (2) the news reports could not have been the source of the comments because they do not contain the information reportedly shared by the jurors during deliberation; (3) even if the news reports were considered, the information regarding

ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECON-
SIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES'
MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT - 3

1 the first trial was cumulative of information before the jury; (4) Federal Rule 606(b) would
2 be breached if a juror was asked whether a juror comment made during deliberation was or
3 was not based on intrinsic evidence; and (5) even if true, Plaintiff has failed to show by a
4 preponderance of the evidence that the outcome of the trial would have been different but for
5 the alleged misconduct so a new trial is not warranted.

6       The major grounds for granting a motion to reconsider are: (1) intervening change of
7 controlling law; (2) availability of new evidence; and (3) the need to correct clear error or
8 prevent manifest injustice. *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS, Inc.*, 5
9 F.3d 1255, 1263 (9th Cir. 1993). Here the "new evidence" presented by Plaintiff was
10 previously available so it is not an appropriate basis for a motion for reconsideration. *Christie*
11 *v. IOPA*, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999). Still, the Court would grant the Motion for
12 Reconsideration if it determined it was necessary to correct clear error or prevent manifest
13 injustice.

14       The "new evidence" submitted by the Plaintiff is not different that what was before the
15 Court on the new trial motion. The same reasons the Court determined that the information
16 considered by the jurors was not extrinsic still apply. Finally, neither an evidentiary hearing
17 nor new trial is justified as Ms. Rhodes has not shown by a preponderance of the evidence that
18 the outcome of the trial would have been different but for the alleged juror misconduct. *Hard*
19 *v. Burlington Northern Railroad Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989) (*Hard II)*. The
20 Court concludes that reconsideration is not required. Accordingly,

21       **IT IS ORDERED** that Plaintiff Shannon Rhodes' Motion for Reconsideration of the
22 Court's Order Denying Shannon Rhodes' Motion for New Trial Based on Jury Misconduct,
23 filed February 13, 2006, **Ct. Rec. 2175**, is **DENIED**.

24       The District Court Executive is directed to file this Order and provide copies to Liaison
25 Counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Carmela M.
26 Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik, and Kerry L. Todd.

ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECON-
SIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES'
MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT - 4

1     **DATED** this 14th day of March, 2006.

3                                       s/ Wm. Fremming Nielsen
                                           WM. FREMMING NIELSEN
4  03-1406                      SENIOR UNITED STATED DISTRICT JUDGE

ORDER DENYING PLAINTIFF SHANNON RHODES' MOTION FOR RECON-
SIDERATION OF THE COURT'S ORDER DENYING SHANNON RHODES'
MOTION FOR NEW TRIAL BASED ON JURY MISCONDUCT - 5