UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| IN RE HANFORD NUCLEAR RESERVATION LITIGATION | ) ) NO.   CV-91-3015-WFN ) ) ) **ORDER** ) ) |

**This Order relates to:  All Cases**

Before the Court for hearing without oral argument is the Evenson Plaintiffs' Motion for Reconsideration of That Part of the Case Management Order No. 2 Granting Defendants' Oral Motion to File a Second *Daubert* Challenge to the Authors of the Evenson Dose Model, filed by Tom H. Foulds on May 12, 2009 (Ct. Rec. 2278). Defendants' response was filed May 26, 2009 (Ct. Rec. 2285) by Kevin Van Wart.  The Plaintiffs' reply was filed June 2, 2009 (Ct. Rec. 2291).

The Court has reviewed the file, the briefing related to the Motion for Reconsideration and is fully informed.  For the reasons stated below, the Motion is granted in part and denied in part.

## BACKGROUND

The Court and counsel met for a second case management conference on April 21, 2009, to plan the next phase of this litigation.  At that conference the Court granted Mr. Fould's Motion for Leave to File Motion in Limine to Exclude the RATCHET and DESCARTES Models from Evidence.  The Court also granted Defendants' oral motion to

ORDER - 1

file a *Daubert* challenge to the Evenson dose model. See Order filed 4/22/09, Ct. Rec. 2271, paragraph 9. The Motion before the Court seeks reconsideration of the Court's decision to allow Defendants to file a challenge to the Evenson dose model.

**DISCUSSION**

At the heart of this dispute are two dose calculation models. The dose model advanced by Defendants is the HEDR model, which has four components (STRM, RATCHET, DESCARTES, and CIDER). Two of the original scientists that developed the model are Van Ramsdell and Bruce Napier. The dose model advanced by the Evenson plaintiffs ("Evenson model") was developed by three scientists: Robert Jervis, Douglas Stewart and Douglas Crawford-Brown.

*Daubert* Other scientists have offered opinions regarding the two models. Defendants produced the RAC Report from the work of Till, Grogan, Voilleque and Rood. The Report supported the HEDR model and criticized the Evenson model. Plaintiffs likewise have apparently produced a report from Dr. The that is a criticism of the HEDR model.

In 2005, prior to the bellwether trials in this case, extensive resources were expended addressing *Daubert* challenges to expert witnesses. Defendants challenged twelve (12) of Plaintiffs' experts and Plaintiffs filed four (4) challenges to Defendants' experts.[1] Following five days of hearings on all the Motions to Exclude, an Order Re: *Daubert* Hearings was entered (Ct. Rec. 1758).

Important to this Motion is the fact that Defendants previously challenged with motions in limine the three experts who developed the Evenson dose model: Robert Jervis (Ct. Rec. 1568-1); Douglas Stewart (Ct. Rec. 1568-3); and Douglas Crawford-Brown (Ct. Rec. 1568-4). This Court denied Defendants' *Daubert* challenges to Robert Jervis and

---

[1] The Plaintiffs' challenge to defense expert John Till (Ct. Rec. 1632) was later withdrawn.

ORDER - 2

Douglas Stewart. Order filed 2/22/05, Ct. Rec. 1758, paragraphs 10 and 15. The Court also denied in part as to Douglas Crawford-Brown, but granted in part, to exclude testimony regarding his upper limit of scientifically plausible dose at the 95th percentile confidence level. Order filed 2/22/05, Ct. Rec. 1758, paragraph 4.

Also important to this Motion is the fact that the Plaintiffs previously challenged with a motion in limine the Risk Assessment Corporation [RAC] and the primary scientists associated with the report John Till, Helen Grogan, Arthur Rood, and Paul Voilleque. The Court granted the motion to exclude in part, testimony related to and the figure on page 19 of the RAC Declaration 2005, but otherwise denied the motion. Order filed 2/22/05, Ct. Rec. 1758, paragraph 12.

In sum then, each side has challenged the others' dose model. What is different is that the Defendants' challenges were directly to the Evenson experts who actually developed the Evenson model. Defendants have not yet challenged the report from Dr. The (and perhaps other secondary scientists) who opine on the two models. Plaintiffs, on the other hand, challenged the Defendants secondary experts who opined on the two models. Plaintiffs have not yet challenged the scientists who actually developed the HEDR model.

At this phase of the litigation, in limine practice should be limited to challenges not previously made. This would mean that Defendants may not bring in limine motions to Jervis, Stewart and Crawford-Brown, or other Plaintiffs' experts previously challenged, unless the challenge is to a new opinion, such as an opinion expressed in an updated expert report. Similarly, Plaintiffs may not raise challenges to the RAC Report and the RAC scientists, or to other Defense experts previously challenged, unless the challenge is to a new opinion, such as an opinion expressed in an updated expert report. However, Defendants may raise a challenge to Dr. The or other similar Plaintiffs' experts not previously challenged and Plaintiffs may raise a challenge to Van Ramsdell and Bruce Napier or other defense experts not previously challenged. Mr. Foulds Motion in Limine (Ct. Rec. 2286) is directed

to Van Ramsdell and Bruce Napier and therefore appears to be within these limitations. Accordingly,

**IT IS ORDERED** that:

1. The Evenson Plaintiffs' Motion for Reconsideration of That Part of the Case Management Order No. 2 Granting Defendants' Oral Motion to File a Second *Daubert* Challenge to the Authors of the Evenson Dose Model, filed May 12, 2009, **Ct. Rec. 2278**, is **GRANTED IN PART AND DENIED IN PART.** Defendants may raise a challenge by filing a motion in limine as a challenge to Dr. The or other Plaintiffs' experts not previously challenged. Defendants may not bring in limine motions to Jervis, Stewart and Crawford-Brown, or other Plaintiffs' experts previously challenged, unless the challenge is to a new opinion, such as an opinion expressed in an updated expert report.

2. The Defendants' may file an *in limine* motion, with the subject limitations noted in paragraph one, **no later than June 8, 2009**; Plaintiffs' response shall be filed **no later than June 22, 2009**; Defendants' reply shall be filed **no later than June 29, 2009.** The Motion and associated briefing and the response shall each be limited to 20 pages; the reply shall be limited to 10 pages. The Defendants' motion shall be noted for hearing July 21, 2009, at 8:30 a.m. in Spokane, Washington.

The District Court Executive is directed to file this Order and provide copies to counsel of record; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Carmela M. Destito-Buttice (for late John P. Destito, Jr.), Marylin F. Mlnarik and Kerry Todd.

**DATED** this 3rd day of June, 2009.

                                            s/ Wm. Fremming Nielsen
                                            WM. FREMMING NIELSEN
H\O\060309                              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4